UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CASE NO. 5:19-CR-190-DCR**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**V.**          **MEMORANDUM BRIEF BY UNITED STATES
REGARDING UNRESOLVED PSR OBJECTIONS**

**MAXWELL HAYSLIP**                                                 **DEFENDANT**

\* \* \* \* \*

Pursuant to ¶ 7 of the Court's sentencing order (DE #13), the United States files this memorandum brief in support of its positions on the unresolved objections to the presentence report (PSR).

**Unresolved Objection 1**: The language in PSR ¶ 7's description of the November 13, 2018, robbery note is one version of the teller's recollection of the note content. We do not know with metaphysical certainty what Hayslip's note during this robbery said. This was to be an area of potential testimony by the victim-teller at sentencing, as the United States suggested at Hayslip's guilty plea. However, in light of the inclusion of a five-level increase under U.S.S.G. § 2B3.1(b)(2)(C), rather than a two-level increase under § 2B3.1(b)(2)(F), the United States anticipates not forcing the teller to relive the traumatic incident during sentencing because her testimony is no longer necessary for application of a § 2B3.1(b)(2) enhancement. The teller has indicated that she still has anxiety stemming from the robbery and her direct interaction with Hayslip.

1

A note with "or else you will die" language was not recovered in this case. And as Hayslip indicates, the note is not legible on the surveillance footage. *See* PSR page 22. On the other hand, we cannot be sure that law enforcement seized the actual note used during the robbery; Hayslip could have simply discarded the note at some point after leaving the bank. Ultimately, the note's precise content should not impact the Guideline range due to the inclusion of a five-level increase under § 2B3.1(b)(2)(C) for possession of a firearm, rather than a two-level increase under § 2B3.1(b)(2)(F) for a threat of death. Accordingly, as the probation officer correctly concluded, there is no need to resolve this factual objection.

**Unresolved Objection 2**: Hayslip contends that his possession of a firearm on November 14, 2018, the day after the Lexington robbery, in his vehicle along with methamphetamine, marijuana, disguises, a bank bag, robbery notes, and robbery proceeds does not constitute relevant conduct.[1] This is unpersuasive.

Relevant conduct includes "all acts and omissions committed . . . by the defendant . . . that occurred . . . in the course of attempting to avoid detection or responsibility for th[e] offense[s] [of conviction]." § 1B1.3(a)(1). A defendant's relevant conduct is a broader range of behavior than the specific incidents of adjudicated criminality alone. *See United States v. Maken*, 510 F.3d 654, 657-58 (6th Cir. 2007). The Court "determine[s]" Chapter 2 specific offense characteristics "on the basis of" a defendant's relevant conduct. § 1B1.3(a).

---

[1] Hayslip does not contest that he possessed a firearm.

The weapon Hayslip possessed in his vehicle (on the driver's side floorboard) on November 14, 2018, was a loaded Smith and Wesson .38 caliber handgun. *See* PSR ¶ 8. Hayslip possessing this firearm in his vehicle, along with methamphetamine, marijuana, disguises, a bank bag, robbery notes, and approximately $2,148 in robbery proceeds, the day after the Lexington robbery, after he had driven over 300 miles, fleeing to Alabama, and while he was attempting to avoid detection and responsibility for his crime spree, properly constitutes relevant conduct. *See* PSR ¶ 8; PSR page 20; *United States v. Kiefer*, 417 F. App'x 590, 590-91 (8th Cir. 2011) (per curiam); *United States v. Ross*, Nos. CR-13-54-R, CIV-15-535-R, 2015 WL 3988970, at *2 (W.D. Okla. June 30, 2015). After all, "attempted escape from a bank robbery is an integral part of the crime. The presence of the" firearm in Hayslip's "getaway car . . . is sufficient to support the sentencing enhancement." *United States v. Hayes*, 142 F. App'x 476, 478 (1st Cir. 2005) (per curiam). And had it not been for his arrest, Hayslip's multi-state robbery spree could well have been mid-stream and continued in subsequent days; there is nothing in the record to suggest that Hayslip intended the Lexington bank to be his final victim. *See, e.g.*, PSR ¶¶ 9 (indicating Hayslip was spending robbery proceeds on drugs), 57 (indicating that Hayslip attempted to rob other banks, including one in Alabama).

At the time of his firearm possession, Hayslip was wearing the same clothing as during the Lexington robbery. He had a hat and gloves matching those used in the Lexington robbery. And he was in an identical vehicle as seen leaving the Lexington robbery. Hayslip himself notes that he successfully made the lengthy drive from Lexington to Alabama "without detection." PSR page 23. Obviously, his efforts to avoid

3

detection and responsibility for his crime spree continued merely the day after the last robbery occurred; he had not, for instance, turned himself in once he arrived in Huntsville. *Cf. United States v. Johnson*, 760 F. App'x 261, 264 (5th Cir. 2019) (finding relevant conduct when "the temporal difference [wa]s only one day"). The Court should, thus, apply the § 2B3.1(b)(2)(C) enhancement because Hayslip possessed a firearm during relevant conduct.

**Unresolved Objection 3**: The United States agrees that the potential § 2B3.1(b)(2)(F) enhancement "only becomes an issue . . . should the Court determine that the alternative 5 level increase [under § 2B3.1(b)(2)(C)] is not applicable." PSR page 23. Based on the United States's response above, the Court should overrule Unresolved Objection 2, obviating the need to address § 2B3.1(b)(2)(F). If, however, the Court sustains Unresolved Objection 2 and holds that the § 2B3.1(b)(2)(C) enhancement does not apply, the Court should alternatively apply a § 2B3.1(b)(2)(F) enhancement.[2]

Resolving the applicability of the § 2B3.1(b)(2)(F) enhancement could require the Court to make a factual finding concerning the content of the November 13, 2018, note, and subsequently make a series of dependent legal determinations. *See, e.g.*, *United States v. Wooten*, 689 F.3d 570, 574-79 (6th Cir. 2012). The United States has three potential and independent ways, on these facts, to get to a § 2B3.1(b)(2)(F) enhancement.

---

[2] As stated above, the United States does not wish to unnecessarily subpoena the teller to appear at sentencing and force her to relive this traumatic incident when § 2B3.1(b)(2)(C) is likely to apply and thus moot the issue. If § 2B3.1(b)(2)(F) becomes relevant, the United States anticipates relying on the case agent's testimony and exhibits to prove the enhancement's applicability. The Rules of Evidence do not apply at sentencing. Fed. R. Evid. 1101(d)(3).

First, there is no question that if the note said "or else you will die," as the teller reported, the § 2B3.1(b)(2)(F) enhancement would apply. *See id.* at 574.

Second, the teller has also indicated that she specifically remembers the note saying "This is an armed robbery." That, too, is alone generally sufficient to apply the threat-of-death enhancement. *United States v. Winbush*, 296 F.3d 442, 443 (6th Cir. 2002). It "is without consequence" whether Hayslip was actually armed or not. *United States v. Moore*, 447 F. App'x 721, 723 (6th Cir. 2012); *United States v. Sogan*, 388 F. App'x 521, 523 (6th Cir. 2010). There are nuances to *Winbush*'s general rule, *see Wooten*, 689 F.3d at 575-76, but there is no indication here that "mitigating circumstances . . . erode the typical and expected impact of a bank robber's announcement that he has a gun[.]" *Id.* at 575. The teller reported being "worked-up" and "scared" during the robbery, and she was afraid that the robber could hurt her or others in the bank. Her husband took time off work to be with her after the robbery. She still has anxiety from the distressing event. Accordingly, "*Winbush* is the end of the analysis." *Id.*

Third, the analysis becomes slightly more complicated if the note said "or dye" instead of "or die." "[T]he sole focus" of the analysis "is not the defendant's choice of words." *Id.* at 575-76. Instead, "the focus is on the reasonable response of the victim of the threat." *Id.* at 576; *see also, e.g.*, *United States v. Figueroa*, 105 F.3d 874, 880 (3d Cir. 1997) ("[I]t is the effect of the threat, not its actual wording, which triggers the 2-level enhancement under section 2B3.1(b)(2)(F)."); § 2B3.1 app. n. 6 ("The court should consider that the intent of this provision is to provide an increased offense level for cases

5

in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death.").

Thus—even if the note did not actually say "or else you will die" or "This is an armed robbery," but instead merely said "No alarm, GPS, or dye packs," and Hayslip's hand covered up the word "packs" due to his chosen way of holding the note during the robbery—the teller could have reasonably misunderstood or misread the note, in the heat and terror of the moment, to say "or die" instead of "or dye." The teller also could have reasonably believed that Hayslip simply misspelled the word "die" as he penned the robbery note. The teller was not trained on dye packs, and had none in her drawer at the time, making it more reasonable for her to read "dye" as "die," especially since Hayslip had obscured the word's context by covering up the word "packs."

The teller, in those circumstances, would have had a "reasonable belief" that Hayslip was making a threat of death. *See Moore*, 447 F. App'x at 723; *United States v. Alaboud*, 347 F.3d 1293, 1298 (11th Cir. 2003) (analyzing "[t]he recipient's belief" about the potential threat), *overruled on other grounds by United States v. Martinez*, 800 F.3d 1293 (11th Cir. 2015); *Figueroa*, 105 F.3d at 880 (affirming that the "actual wording" of the threat is not determinative); § 2B3.1 app. n. 6. The teller's "reasonable perceptions of [the] incident" clearly are relevant "in the objective evaluation of whether a reasonable teller in that specific teller's shoes would have experienced a fear of death." *Wooten*, 689 F.3d at 576.

For these reasons, if the Court holds that the § 2B3.1(b)(2)(C) enhancement does not apply, the Court should alternatively apply the § 2B3.1(b)(2)(F) enhancement.

6

                Respectfully Submitted,

                ROBERT M. DUNCAN, JR.
                UNITED STATES ATTORNEY

By:    <u>s/ James T. Chapman</u>
         Special Assistant U.S. Attorney
         260 W. Vine Street, Suite 300
         Lexington, Kentucky 40507-1612
         (859) 685-4804
         James.Chapman2@usdoj.gov

CERTIFICATE OF SERVICE

On February 11, 2020, I electronically filed this document through the ECF system, which will send the notice of electronic filing to:

        Mary Ann Leichty
        *Attorney for Maxwell Hayslip*

                <u>s/ James T. Chapman</u>
                Special Assistant U.S. Attorney